UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN D. ELIAS,

Plaintiff,

-against-

GREENBURGH PUBLIC LIBRARY,

Defendant.

26-CV-8698 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973 ("RA"), and the New York State Human Rights Law, alleging that Defendant Greenburgh Public Library discriminated against him based on his disability.[1] By order dated October 26, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

[1] Plaintiff also invokes the New York City Human Rights Law. (See ECF 1, at _.) Because the events giving rise to Plaintiff's claims did not occur in the City of New York, the NYCHRL is inapplicable.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

## BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff, who has been diagnosed with autism, has been seeking employment with various libraries in Westchester County since 2020. In 2021, he completed a Master's Degree in Library Science. Plaintiff interned for Defendant Greenburgh Library in 2020. In April 2022, he received a "canvassing letter" for a Library Assistant position with Defendant, but Plaintiff "was not hired for any position for which [he] was canvassed."[3] (ECF 1, at 9.) In May 2023, Plaintiff was interviewed for an Adult Librarian position with Defendant, but he was not hired. (*Id.* at 14.) On February 26, 2026, Plaintiff completed another Canvass Reply Letter expressing his interest in another job with Defendant, but he "was not interviewed or hired." (*Id.* at 9.)

Plaintiff alleges that he has extensive qualifications, and ponders "what reasons, if any, might have led to [his] being denied employment with the named Defendant?" (*Id.*) Plaintiff seeks to "examine the qualifications of other candidates who were interviewed and hired for the position" to determine "whether their credentials were comparable to [his]." (*Id.* at 10.) He also provides a list of "interrogatories" directed to Defendant which are aimed at determining whether his disability played a role in his inability to get a job. (*See id.*)

Plaintiff further speculates that his not being hired "might have been due to [his] being blocked" and that "being blocked in the context of employment discrimination is synonymous

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff alleges that, under New York State Civil Service regulations, once a person passes a library exam, a civil service list is compiled that includes each person's test scores. Plaintiff was placed on "at least three civil services lists." (ECF 1, at 9.) After the list is created, prospective employers begin the "canvassing process," during which people on the list are contacted to see if they are interested in the job, and "if [they are interested], an interview is set up." (*Id.*)

with experiencing disparate treatment." (*Id.* at 11.) He alleges that, "[b]ased upon [his] many attempts to be considered for employment by these particular libraries, he believes that, out of his frustration, which he divulged after many applications and at one interview, the word got out that he was disabled, and therefore should not be considered" for a position with any of the Westchester County libraries. (*Id.* at 14.)

Plaintiff appears to have submitted two charges of discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Notices of Right to Sue dated April 2, 2026 (ECF 1, at 11), and March 5, 2026 (*id.* at 21).

## DISCUSSION

### A. Claims under Title VII

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

To state a Title VII claim, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff invokes Title VII, but he does not indicate on the complaint form whether Defendant discriminated against him on the basis of his race, color, sex, religion, or national origin (*see* ECF 1, at 3), and he alleges no facts suggesting that any of those protected

characteristics were a motivating factor in Defendant's decision not to hire him. The Court therefore dismisses Plaintiff's claims under Title VII for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims under the ADA and RA**

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified individual *on the basis* of disability in regard to . . . the hiring, advancement, or discharge of employees.'"[4] *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a) (emphasis in *Natofsky*)). To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege that: (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) he suffered an adverse employment action; and (5) the adverse action was imposed because of his disability. *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). The causation standard for claims of employment discrimination brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege that, but for her disability, the defendant would not have discriminated against her. *See Natofsky*, 921 F.3d at 347-50. The pleading standard is the same for such a claim under the RA. *See Davis*, 804 F.3d at 235; *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995); *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 2344731, at *4 (S.D.N.Y. Mar. 3, 2023), including the "but for" causation requirement, *Natofsky*, 921 F.3d at 345-49. With respect to claims of employment

[4] For the purpose of claims of employment discrimination under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The RA adopts the ADA's definition of "disability" by reference. *See* 29 U.S.C. § 705(20)(B).

discrimination under the RA, however, there is an additional requirement that the employer either be a federal executive agency, the United States Postal Service. or receive federal funding. *See Lyons*, 68 F.3d at 1514-15 (quoting 29 U.S.C. § 794(a)).

Even if the Court assumes that Plaintiff's autism constitutes a disability under these statutes and, for the purposes of the RA, Defendant receives federal funds, he alleges no facts suggesting that his disability was a but-for cause of Defendant's decision not to hire him. Plaintiff alleges no facts suggesting Defendant was even aware of his disability when it decided not to hire him. In fact, Plaintiff affirmatively states that he did not disclose his disability on his application materials. (*See* ECF 1, at 10, 12). Plaintiff instead appears to be asking this Court to allow him to conduct discovery into whether his disability played a role in Defendant's decision not hire him and whether a less qualified candidate was hired in his place. (*See id.* at 10.) Plaintiff's speculation that he was discriminated against based on his disability, unsupported by well-pleaded facts, is insufficient to state a viable claim. *See, e.g.*, *Sanchez v. City of Hartford*, No. 3:25-CV-1444 (OAW), 2026 WL 1413133, at *3 (D. Conn. May 20, 2026) ("Plaintiff's speculation as to what discovery *might* reveal about [Defendant] is insufficient to satisfy Rule 8(a)(2)[.]"); *Pujol Moreira v. Sociėtė Gėnėrale, S.A.*, No. 20-CV-9380 (JMF), 2023 WL 2051169, at *3 (S.D.N.Y. Feb. 16, 2023) ("[A]s the Supreme Court has expressly held, Rule 8 of the Federal Rules of Civil Procedure 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions' and speculation." (quoting *Iqbal*, 556 U.S. at 678-79)); *Chechele v. Morgan Stanley*, 896 F. Supp. 2d 297, 304 (S.D.N.Y. 2012) (holding that "mere speculation . . . fails the most basic pleading requirements of Rule 8" (internal quotation marks and citation omitted)). The Court therefore dismisses Plaintiff's ADA and RA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims under state law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Title VII and/or the ADA and RA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 18, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.